■ In the Matter of ROBERT HERNANDEZ, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [721 NYS2d 349] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered December 29, 1999, which denied petitioner's application to annul respondent Police Department's determination denying petitioner a pistol license, and dismissed the petition, unanimously affirmed, without costs.

Respondent's rejection of petitioner's 1998 application for a license permitting him to carry a pistol, a condition of petitioner's continued employment as a security officer at a private housing development, was rationally based on good cause (Penal Law § 400.00 [1] [g]), including two psychological evaluations of petitioner performed by respondent's psychologists in 1987 and 1993 in connection with petitioner's rejected job applications to become a police officer (*see, Matter of Gutierrez v Safir*, 280 AD2d 263). We reject petitioner's argument that respondent's reliance on such evaluations holds him to a higher standard than other pistol license applicants. Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA MOORE, Appellant. [721 NYS2d 513] —Judgment, Supreme Court, New York County (Renee White, J.), rendered February 23, 1999, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing her, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459). While the court permitted the People to elicit that defendant had ten prior misdemeanors and two prior felonies within the previous ten years, it precluded them from identifying any of the convictions or eliciting any of their underlying facts.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.